CLARENCE ALBERT SAFFOLD, III,

                Plaintiff,

v.                                         Case No. 22-cv-1467-pp

DR. RICHARD FULLER, *et al.*,

                Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 60)**

      Plaintiff Clarence Albert Saffold, III, who is representing himself, is proceeding under 42 U.S.C. §1983 on claims under federal and state law. On April 3, 2025, the court received from the plaintiff a motion asking the court to recruit counsel to represent him in this lawsuit. Dkt. No. 60. The plaintiff asserts that he is unable to afford counsel, the issues in his case are complex and he has limited legal knowledge. Id. at 1. He says that he reached out to three attorneys asking them to assist him, but that none of the attorneys responded. Id. The plaintiff attached to a declaration he submitted in support of his motion copies of letters to the three attorneys. Dkt. No. 62-1. The declaration reiterates the plaintiff's stated reasons for the court to recruit him counsel. Dkt. No. 62. The plaintiff adds that he was working with a jailhouse attorney, but says that he now is at a different institution and no longer can work with that person. Id. at ¶5. He suggests that he has had discussions with defense counsel about settling this matter, and he asks for an attorney to help him with future mediation proceedings. Id. at ¶6. The plaintiff says that he has "never litigated a civil matter" and has no trial experience. Id. at ¶8. He says

that he would need help obtaining expert witnesses and opposing defendant's arguments in opposition to his claims. Id. at ¶¶7, 9.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the

plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first Pruitt inquiry. He attached letters that he sent to multiple attorneys or firms about representing him in this case, and he says that none of those attorneys or firms responded to his request. These efforts show that the plaintiff sufficiently attempted to obtain a lawyer on his own before asking for the court's assistance.

But the plaintiff has not satisfied the second Pruitt inquiry. The court first observes that although the plaintiff says he never has litigated a civil matter, he previously litigated Case No. 19-cv-1414-pp before this court. The plaintiff twice asked the court to recruit him an attorney in that case, too. Case No. 19-cv-1414-pp, Dkt. Nos. 9, 112. In denying the second motion, the court stated that

> [t]he plaintiff's detailed filings show that he has a continued understanding of the legal issues in his case and the ability to competently research and present his position on those issues. The plaintiff further demonstrated his above-average sophistication

> during the April 27, 2022 evidentiary hearing on the defendants' motion for summary judgment on exhaustion grounds. The plaintiff effectively presented his position on the issues and succeeded in defeating summary judgment as to some of the defendants. The court understands that the plaintiff has limited legal knowledge and no formal legal training. But the same is true of nearly all civil litigants who represent themselves, particularly those who are incarcerated. As the court previously noted, "'there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" The plaintiff has not shown that he is one of those litigants most in need of an attorney.

Id., Dkt. No. 122 at 3 (internal citations omitted).

The court's analysis of the plaintiff's litigation abilities has not changed since he filed this case. The plaintiff filed a *very* detailed, organized and articulate complaint that laid out his meticulous allegations against the defendants. Dkt. No. 1. As in his previous case, his complaint shows that he "understands the issues involved in his case, knows the details relevant to presenting and proving his claims and comprehends his role at this point in the litigation." Case No. 19-cv-1414-pp, Dkt. No. 122 at 2–3 (internal quotation omitted). Also as in his previous case, in this case the plaintiff represented himself at a November 20, 2024 evidentiary hearing, presented his own evidence in opposition to the defendants' motion for summary judgment on exhaustion grounds and again prevailed at that hearing. Dkt. No. 48. Even the instant motion shows the plaintiff's well-above-average litigation abilities. The plaintiff confidently laid out his detailed reasons for seeking the court's assistance in obtaining counsel, and he filed a brief, a declaration and exhibits in support of his motion. Dkt. Nos. 61, 62. Most self-represented litigants do not file such reasonable and thoughtful papers. Although the plaintiff may not have formal legal training, and even if he no longer can rely on a jailhouse attorney at his institution, his litigation history shows he is more than capable

of representing himself in civil matters in this court—both in person and on paper.

The court also reminds the plaintiff that there is no guarantee that this case will go to trial. By now, the parties have concluded discovery and the defendants have filed a motion for summary judgment and supporting documents. Dkt. Nos 65-73. The court denied without prejudice the motion for summary judgment and set a deadline for the defendants to file a new motion. Dkt. No. 74. As the court has explained above, the plaintiff successfully opposed motions for summary judgment in this case and in his previous case. If the plaintiff's claims survive summary judgment and reach trial, the court may reconsider appointing counsel to represent the plaintiff in preparation for and during the trial. And if the plaintiff and the defendants notify the court that they agree to attempt to settle this case through mediation, the court would be willing to refer this case to a magistrate judge for mediation proceedings and to attempt to recruit the plaintiff an attorney to assist him during the mediation. But the defendants have not notified the court that they are willing to mediate the case, and the court will not force them to agree to a mediation.

As the case progresses, the court will be flexible in giving the plaintiff reasonable additional time if he believes he needs it to litigate this lawsuit. The legal and factual issues may become too complex for the plaintiff, his circumstances may change or he may find himself unable to obtain the information he believes he needs to prove his claims. If that occurs, and if providing the plaintiff additional time does not help, it may then be appropriate to recruit counsel to represent the plaintiff. But for now, the court finds that the plaintiff has not shown he requires the assistance of counsel to present his case

adequately. The court will deny the plaintiff's motion to appoint counsel without prejudice. That means he may renew his request later if he still believes he needs counsel's assistance to litigate his claims.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 60.

Dated in Milwaukee, Wisconsin this 16th day of May, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**