UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────

CLARENCE A. SAFFOLD, III,

        Plaintiff,

  v.

Case No. 22-cv-1467-pp

EDWARD NEISNER, RICHARD FULLER
and PRAPTI KUBER,

        Defendants.

───────────────────────────────────────────

**ORDER SETTING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

───────────────────────────────────────────

On May 14, 2025, the defendants filed a motion for summary judgment on the merits. Dkt. No. 65. The defendants also filed a motion for leave to file more than 150 proposed findings of fact, dkt. no. 67; simultaneously, they filed 242 proposed findings of fact, dkt. no. 68. On May 16, 2025, the court denied without prejudice the motion for summary judgment and denied the defendants' motion for leave to file more than 150 proposed findings of fact. Dkt. No. 74. Observing that the court's local rules limit a party to 150 proposed findings of fact, the court explained that the defendants had not filed their motion for leave to exceed that number *before* filing the proposed findings. Id. at 2. It said that counsel had not explained what it was about the "nature of the case" that required her to file so many proposed findings. Id. Although defense counsel had cited the number of defendants in support of her request for excess proposed findings, the court observed that there were only three

1

defendants. Id. at 3. Defense counsel also had asserted that the excess facts were necessary because of the plaintiff's "long documented medical history," but the court found that she had not explained why she needed to include all the details of that history. Id. The court cited Whitcomb v. Sukowaty, Case No. 23-cv-385-pp, in which the court had rejected that same argument. Id. at 3-5. The court also recounted that in Shaw v. Delforge, *et al.*, Case No. 23-cv-1015-bhl, defense counsel (the same counsel who is representing the defendants in this case) had engaged in the same practice she'd engaged in here—simultaneously filing a motion for leave to exceed 150 proposed facts and filing 210 proposed facts. Id. at 74. Although in Shaw, Judge Ludwig had allowed counsel to file the additional facts, he'd advised counsel that she must follow the court's local rules and that a repeat of counsel's violation would not be tolerated. Id. at 7.

For all these reasons, this court denied the motion for summary judgment without prejudice, allowing the defendants to file a new motion with proposed findings of fact that complied with the local rules. Id. at 8. The court stated:

> The court expects counsel's filings to comply with the court's local rules regarding summary judgment practice. That means the defendants *may not* file in excess of 150 proposed facts. Their statement of proposed facts instead "shall consist of short numbered paragraphs, each containing a *single material fact*." Civil L.R. 56(b)(1)(C)(i) (emphasis added). The court advises counsel not to repeat the practice of her colleague in Whitcomb by reformatting her current statement of proposed facts so that it fits into 150 long paragraphs consisting of more than a single material fact. The court echoes Judge Ludwig's concern that allowing defense counsel to file excess facts without sufficient justification "threatens to prejudice the pro se plaintiff and waste the time and resources of the Court."

2

Case No. 23-cv-1015-bhl, Dkt. No. 41 at 2. The court advises counsel that just because she is allowed to file 150 separate statements of proposed fact, that does not mean that she must meet that maximum. The court advises counsel to consider her amended proposed facts carefully and include only those proposed facts that are *material and necessary* to the court's decision on her motion for summary judgment. Finally, given her repeated violation of the court's rules and her failure to follow Judge Ludwig's instructions in Shaw, the court will order counsel to show cause why the court should not issue sanctions against her.

Id.

On June 19, 2025, the defendants timely filed another motion for summary judgment, dkt. no. 77, along with a new set of proposed findings of fact, dkt. no. 78. The new set of proposed findings of fact is thirty (30) pages long and contains 150 numbered paragraphs. But several of those 150 paragraphs contain multiple facts. Paragraph 6, for example, says:

> In Neisner's capacity as a Physical Therapist, under the general supervision of the Health Services Nursing Coordinator and the daily direction of the Health Services Manager, he provided physical therapy services to patients for both acute and chronic conditions. Such services included performing physical therapy assessments, designing treatment programs and providing for implementation. Implementation may have been by me, a physical therapy assistant, or delegated to Health Services Unit staff, or a combination thereof. He was responsible for training the Health Services staff in their responsibilities for implementation. He also evaluated individual treatment programs on an ongoing basis, and he also revised them as appropriate. (Neisner Decl. ¶ 4.)

Id. at ¶6. By the court's count, this paragraph contains somewhere between five and eight facts. Paragraph 17 says:

> On exam, Dr. Fuller made several findings. Those included no deformities or ecchymosis around Saffold's ankle, meaning no discoloration of the skin resulting from bleeding underneath. Saffold had some tenderness but had normal range of motion in his toes. Safford also had full and normal back rand of motion. His gait testing was normal with the exception of favoring his left foot.

3

Id. at ¶17. That paragraph contains about four facts. Paragraphs 25, 27, 45, 47, 49, 52, 54 and 73 are other examples of single paragraphs containing multiple facts. Still other paragraphs contain two or three facts. Although some paragraphs contain only one fact, some of those facts are obvious and unnecessary, such as a description of where the lumbar paraspinal muscles are located and the function they serve (¶31) (unnecessary because the critical facts were that defendant Fuller noted that these muscles were in spasm on a particular date and that the spasm could have been the cause of the plaintiff's lower back pain (¶¶30, 32)), or a description of how physical therapy helps patients (¶39) (fairly obvious), or an explanation of what a TENS unit is (¶58) (fairly common knowledge among district and circuit court judges).

In her June 20, 2025 response to the court's order to show cause, defense counsel argued that when she filed her first set of proposed findings of fact (and her motion to exceed the allowed 150-fact limit), she believed that the 242 proposed facts were necessary. Dkt. No. 85 at 4-5. She conceded that since then, she has condensed the 242 proposed facts into 150 (although, as the court has pointed out, that statement is inaccurate), but she stated that at the time she filed the first set of facts, she believed the larger number of facts was necessary because all three defendants are medical professionals and she believed it was necessary to document each defendant's exam findings, conclusions and treatment recommendations to defend against the plaintiff's Eighth Amendment deliberate indifference claims. Id. at 5-6. She asserted that she believed she needed to present each health services request that the

4

plaintiff has alleged went unaddressed, to explain who triaged each one, whether the defendants received them and what they did if they did receive them. Id. at 6. She stated that through a "long and tedious" process, she had "worked assiduously" to reduce the 242 proposed findings to 150 by, for example, condensing proposed findings regarding medical findings, medical conclusions and treatment recommendations into one paragraph. Id. at 7.

Counsel next argued that she first filed a motion for leave to file more than 150 proposed statements of fact in Washington v. Lincoln, *et al.*, Case No. 23-cv-293 (E.D. Wis.). Id. She said that she filed this motion simultaneously with the proposed findings of fact, explaining to the Washington court that she'd unsuccessfully tried to condense the facts to 150 and that if the court did not grant her leave to exceed the 150-fact limit, she would ask for a stay of the summary judgment deadline so that she could further try to condense the facts. Id. at 8. She explained that in that case, Judge Brett H. Ludwig granted her motion for leave to exceed the 150-fact limit because there were six defendants, different allegations against each defendant, the need for an expert declaration and a long, documented medical history for the plaintiff. Id.

Counsel explained that the next time she filed a motion for leave to exceed 150 facts was in the Shaw case; she said that because Judge Ludwig had granted her motion in Washington, she "must have inferred" that she had complied with the local rules even though she'd filed her motion simultaneously with the excess proposed facts. Id. She acknowledged that in this case, she did not propose the alternate relief of asking the court to stay

5

summary judgment so that she could condense her facts further; she speculated that she may have omitted this request because she was pressed for time. Id. at 9.

Finally, counsel advised the court that she did not read Judge Ludwig's entire order in Shaw; curious about why the court had granted her motion only in part, she had scrolled to the analysis section and did not see the language at the beginning of the order prohibiting her from filing motions to exceed the 150-fact limit simultaneously with the proposed findings of fact. Id. at 9-10. She said that at the time she received Judge Ludwig's order, she was under stress due to a heavy caseload, and she was disappointed in Judge Ludwig's ruling in Shaw, so she inadvertently overlooked the earlier part of Judge Ludwig's ruling. Id.

Despite having responded to this court's order to show cause, counsel's second set of proposed findings of fact violates Civil L.R. 56(b)(1)(C)(i) (E.D. Wis.). Perhaps it was impossible for counsel to comply with the 150-fact limit (although the court receives many summary judgment motions and most litigants manage to comply). If so, she could have filed another motion for leave to exceed the 150-fact limit—*before* filing her proposed findings—or (as she notes) she could have asked for additional time to file her summary judgment materials. Instead, she did precisely what the court advised her not to do in its order denying the first motion for summary judgment: she reformatted parts of her first statement of proposed facts so that the facts fit into 150 paragraphs, several of which consisted of more than a single material fact.

6

There are reasons that the court's local rules require a party moving for summary judgment to provide only 150 facts, and to put them in "short numbered paragraphs, each containing a single material fact . . . ." Civil L.R. 56(b)(1)(C)(i). First, the local rules committee (made up of experienced lawyers and judges) has determined that in most cases there will be 150 or fewer "material" facts relevant to summary judgment. Second, the rules require the non-moving party to respond to the moving party's statement of facts. Specifically, the rule requires the non-moving party to reproduce each numbered paragraph from the moving party's statement of facts, "followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials replied upon." If the moving party puts two, or four, or seven facts into a single paragraph, it is difficult for the non-moving party to provide a comprehensive response to each of those facts—particularly if the non-moving party is a non-lawyer representing himself, like the plaintiff in this case. And it is harder for the court to figure out which facts the parties disagree about and which facts are agreed.

Civil L.R. 56(b)(9) says, "Failure to comply with the requirements of this rule may result in sanctions up to and including the Court denying or granting the motion." And General L.R. 83(f) states, "The Court may impose appropriate sanctions on any party or attorney who fails to comply with a Local Rule." The court can imagine that counsel and the other attorneys in her office are faced with significant caseloads and stressful litigation. Counsel twice has been

7

advised to comply with the one-fact-per-numbered-paragraph rule, yet has filed another set of proposed facts that violates that rule.

Because the defendants have failed to comply with Civil L.R. 56(b)(1)(C)(i) and failed to comply with the court's May 16, 2025 order (Dkt. No. 74), the court seriously considered denying the defendants' motion for summary judgment and setting a scheduling conference to discuss final pretrial and trial dates. (See Hinterberger v. City of Indianapolis, 966 F.3d 523, 528 (7th Cir. 2020) ("[D]istrict courts may require strict compliance with their local rules."); Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 923 (7th Cir. 1994) ("Whether to apply [local rules] strictly or to overlook any transgression is a matter we leave to the district court's discretion . . . ."). But the court concluded that would be unfair to both the defendants (who are not responsible for counsel's failure to comply with the local rules) and the plaintiff (who might be forced to go to trial on an issue for which there is no material fact for a jury to decide). So the court will give the plaintiff an opportunity to respond to the defendants' summary judgment motion.

Under the circumstances, however, the court will give the plaintiff more time than it normally would to prepare his response. The court also will allow the plaintiff to respond to each of the facts in those paragraphs of the defendants' proposed findings that contain more than one fact. So, for example, when the plaintiff is responding to the defendants' paragraph 6 of their proposed findings, he may include in his paragraph 6 a response to each of the five to eight facts the defendant included in that paragraph. The plaintiff still

8

Case 2:22-cv-01467-PP    Filed 07/07/25    Page 8 of 10    Document 88

advised to comply with the one-fact-per-numbered-paragraph rule, yet has filed another set of proposed facts that violates that rule.

Because the defendants have failed to comply with Civil L.R. 56(b)(1)(C)(i) and failed to comply with the court's May 16, 2025 order (Dkt. No. 74), the court seriously considered denying the defendants' motion for summary judgment and setting a scheduling conference to discuss final pretrial and trial dates. (See Hinterberger v. City of Indianapolis, 966 F.3d 523, 528 (7th Cir. 2020) ("[D]istrict courts may require strict compliance with their local rules."); Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 923 (7th Cir. 1994) ("Whether to apply [local rules] strictly or to overlook any transgression is a matter we leave to the district court's discretion . . . ."). But the court concluded that would be unfair to both the defendants (who are not responsible for counsel's failure to comply with the local rules) and the plaintiff (who might be forced to go to trial on an issue for which there is no material fact for a jury to decide). So the court will give the plaintiff an opportunity to respond to the defendants' summary judgment motion.

Under the circumstances, however, the court will give the plaintiff more time than it normally would to prepare his response. The court also will allow the plaintiff to respond to each of the facts in those paragraphs of the defendants' proposed findings that contain more than one fact. So, for example, when the plaintiff is responding to the defendants' paragraph 6 of their proposed findings, he may include in his paragraph 6 a response to each of the five to eight facts the defendant included in that paragraph. The plaintiff still

should have only 150 numbered response paragraphs, but the court will allow him to include more than one responding fact in those paragraphs where the defendants included more than one fact.

Finally, the court advises counsel that if, in a future case before this court, she again files more than 150 proposed facts without seeking *prior* leave to do so, or if she again compresses multiple facts into one paragraph to skirt the 150-fact limit, the court has the authority to—and will strongly consider—imposing the sanction of denying her client's motion for summary judgment.

The court **ORDERS** that by the end of the day on **September 19, 2025**, the plaintiff must file his materials in opposition to the defendants' motion for summary judgment. The plaintiff must respond to each of the defendants' proposed findings of fact (Dkt. No. 79), either by agreeing with the proposed fact or explaining why he disagrees with the proposed fact. If the plaintiff does not either agree or disagree with a proposed fact, the court will assume that he agrees with that proposed fact. The plaintiff must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct. The plaintiff also must respond to the legal arguments in the

---

[1] At the bottom of his declaration the plaintiff should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

defendants' brief (Dkt. No. 78) by explaining why he disagrees with those arguments.

If the court has not received the plaintiff's written response in opposition to the defendants' summary judgment motion by the end of the day on **September 19, 2025,** the court has the authority to treat the defendants' motion as unopposed, accept all facts the defendants assert as undisputed and decide the motion based only on the arguments in the defendants' brief, without any input from the plaintiff. That means the court likely will grant the defendants' motion.

Dated in Milwaukee, Wisconsin this 7th day of July, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
